**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

BENJAMIN MUHAMMAD JONES *et al.*                                    PLAINTIFFS

ADC #89586

V.                                          4:12-CV-00100 BRW

MIKE JOLLY *et al.*                                                   DEFENDANTS

### ORDER

Plaintiffs Benjamin Muhammad Jones, Sandra E. Muhammad, and Gina Anderson, filed this *pro se*[1] complaint (Doc. No. 1), pursuant to 42 U.S.C. § 1983, on February 16, 2012. No Plaintiff submitted the $350.00 statutory filing fee or filed an application for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Moreover, Plaintiffs Muhammad and Anderson did not sign the complaint.

<u>Filing fee</u>

Under the Prison Litigation Reform Act of 1995, a prisoner who is permitted to file a civil action *in forma pauperis* still must pay the full statutory filing fee of $350.00.[2] The only question is whether a prisoner will pay the entire filing fee at the initiation of the proceeding or in

---

[1] Plaintiffs are notified of their responsibility to comply with the Local Rules of the Court, including Rule 5.5(c)(2), which states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

[2] 28 U.S.C. §1915(b)(1).

1

installments over a period of time.[3]  Even if a prisoner is without assets and unable to pay an initial filing fee, he will be allowed to proceed with his claims and the filing fee will be collected by the Court in installments from the prisoner's inmate trust account.[4]

**If the prisoner's case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the full amount of the $350.00 filing fee will be collected and no portion of this filing fee will be refunded to the prisoner.**

So that the Court can determine how the $350.00 filing fee will be paid, Plaintiffs must each submit, within 30 days of this order's entry date, either the full statutory filing fee, or an application for leave to proceed *in forma pauperis*.  Jones must also provide a trust fund calculation sheet and certificate, prepared and executed by an authorized official at his incarcerating facility.  Based on this information, the Court will assess an initial partial filing fee as to Jones if sufficient funds exist, and will also direct the future collection of monthly installment payments from Jones's account until the filing fee is paid in full.[5]  However, no prisoner will be prohibited from bringing a civil action because he "has no assets and no means by which to pay the initial partial filing fee."[6]  Any Plaintiffs' failure to comply will result in the dismissal of that Plaintiff's claims.

Complaint

Jones is the only Plaintiff who signed the complaint, and it appears that he alone authored the document.  Accordingly, if Muhammad and Anderson wish to continue with this complaint, they

---

[3] *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998).

[4] 28 U.S.C. § 1915(b)(4).

[5] *Id*. 28 U.S.C. § 1915(b)(1) and (2).

[6] *Id*. 28 U.S.C. § 1915(b)(4).

must not only pay the filing fee or be granted *in forma pauperis* status, but they must also file a signed, amended complaint, which sets forth their specific allegations against each Defendant.[7] The complaint should include, where applicable, relevant dates and times. Muhammad's or Anderson's failure to file an amended complaint as ordered will result in the dismissal of their claims.

IT IS THEREFORE ORDERED THAT:

1. The Clerk is directed to forward an *in forma pauperis* application to each Plaintiff, as well as a calculation sheet and certificate to Jones.

2. Plaintiffs are directed to submit the $350.00 statutory filing fee, or to complete and sign the *in forma pauperis* application, and file it. If he chooses to file an application for leave to proceed *in forma pauperis*, Jones must also file a completed trust fund calculation sheet and certificate. Any Plaintiff's failure to comply within 30 days of this order's entry date will result in the recommended dismissal of his or her complaint.

3. Plaintiffs Sandra E. Muhammad and Gina Anderson are directed to file signed, amended complaints setting forth their specific claims against each Defendant. Muhammad's or Anderson's failure to do so within 30 days will result in the dismissal of their complaints.

4. Service is not appropriate at this time.

DATED this 10th day of April, 2012.

/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[7] *See* FED.R.CIV. P. 11. Local Rule 5.5(c)(2).